IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | CRIMINAL NO. 17-00189-KD-B |
| | ) | |
| GERALD BARBER, | ) | |
|     Defendant | ) | |

## ORDER

Before the Court is defendant Gerald Barber's <u>pro se</u> "Motion to Receive Jail Credit." (Doc. 115).[1] Barber is presently incarcerated at Federal Correctional Institution McDowell, located in Welch, West Virginia. He is serving a prison term of 120 months, followed by an eight-year term of supervised release. (Doc. 83, Judgment).[2]

In the motion, Barber recounts the history of his custody while his federal charges were pending. He notes that the United States successfully petitioned the Court for a Writ of Habeas Corpus Ad Prosequendum in order to prosecute Barber, who was then detained in Marengo County Jail. (Doc. 3, Petition for Writ of Habeas Corpus). Barber contends that the Bureau of Prisons ("BOP") has calculated his jail time to begin when he was sentenced, on April 23, 2018. He submits that this calculation was in error. He requests that the Court grant his motion and award him credit for the time served prior to his sentencing hearing.

Two major impediments inhibit this Court from considering his motion. The first is that this Court is not authorized to compute credit awards towards sentencing. Only the BOP may do

---

[1] After Barber filed the instant motion, he filed a motion for relief pursuant to the First Step Act. <u>See</u> (Doc. 116 (Motion for Sentence Modification Under 18 U.S.C. § 3582)). This order addresses only Barber's motion to receive jail credit.

[2] According to BOP records, Barber's scheduled release date is January 8, 2027.

1

so. The second impediment is that because Barber is incarcerated outside this judicial district, this district is not the proper place to challenge the BOP's calculation.

The relevant statute concerning credit for time served provides:

> **(b) Credit for prior custody.**--A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences--
>     **(1)** as a result of the offense for which the sentence was imposed; or
>     **(2)** as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
>
> that has not been credited against another sentence.

18 U.S.C. § 3585(b). The Eleventh Circuit has held, when addressing a similar motion brought by an inmate challenging his credit, that:

> The Attorney General through the BOP, and not the district courts, is authorized, under 18 U.S.C. § 3585(b), to compute sentence credit awards after sentencing. Dawson v. Scott, 50 F.3d 884, 889 (11th Cir. 1995). The Attorney General delegated his authority in this area to the BOP. United States v. Lucas, 898 F.2d 1554, 1555–56 (11th Cir. 1990). We have held that the granting of credit for time served is in the first instance an administrative, not a judicial, function. United States v. Flanagan, 868 F.2d 1544, 1546 (11th Cir. 1989). The district court, therefore, cannot circumvent the Attorney General's initial discretion concerning whether to credit a defendant's time in custody prior to sentencing. Lucas, 898 F.2d at 1555.

U.S. v. Berrio, 428 Fed. App'x 944 (11th Cir. 2011) (emphasis added). Therefore, Congress vested the authority to calculate credit with the BOP, not this Court.

Second and finally, this Court is not the appropriate venue to challenge the BOP's calculation, even if Barber had properly exhausted his administrative remedies.[3] As the Eleventh Circuit has held, a claim concerning credit for time served "should be filed as a writ of habeas

---

[3] Even assuming this Court possessed jurisdiction over the instant motion, Barber would still not succeed. Although the failure to exhaust administrative remedies no longer displaces courts of jurisdiction to address 28 U.S.C. § 2241 petitions, it is still required. Santiago-Lugo v. Warden, 785 F.3d 467, 475 (11th Cir. 2015) ("The exhaustion requirement is still a requirement; it's just not a jurisdictional one.").

corpus pursuant to 28 U.S.C. § 2241 . . . ." Id. And a § 2241 petition "may be brought only in the district court of the district in which the inmate is incarcerated." Fernandez v. United States, 941 F.2d 1488, 1495 (11th Cir. 1991). In this case, Barber is incarcerated in West Virginia, not in a facility located in the Southern District of Alabama. Consequently, this Court lacks jurisdiction to address Barber's motion.

Based on the foregoing, Barber's "Motion to Receive Jail Credit[,]" (Doc. 115), is **DISMISSED** for lack of jurisdiction. The Clerk shall forward Barber a copy of this Order.

**DONE** the 14th day of June 2019.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**CHIEF UNITED STATES DISTRICT JUDGE**