IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:17-00189-KD-B |
| | ) |
| GERALD BARBER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Gerald Barber's "Motion to Reduce Sentence or Home Confinement under 18 U.S.C. § 3582(c)(1)(A) based on the Corona-Virus Aid Relief and Economical Support Act or Cares Act" (doc. 148), affidavit and exhibits in support (doc. 148), letter in support (doc. 149), supplement to the motion (doc. 150), the United States' response (doc. 153), supplement to the motion (doc. 154), and Barber's reply (doc. 155). Upon consideration, and for the reasons set forth herein, the motion for compassionate release is denied.

I.     Background

In November 2017, Barber was indicted in a superseding indictment charging possession with intent to manufacture and distribute crack cocaine (Count One) and possession with intent to distribute crack cocaine (Count Two). The United States filed an information showing that Barber had five prior felony drug convictions between 2005 and 2014 (doc. 12). Barber was tried and convicted of both counts. On April 23, 2018, he was sentenced to 120 months, the statutory minimum, as to each count, to serve concurrently. He is presently incarcerated at FCI McDowell in Welch, West Virginia and his release date is October 27, 2026. Barber is now 43 years old.

II.     Procedural requirements

Before Section 603(b) of the First Step Act of 2018 was enacted, the district court could grant a motion for sentence reduction under 18 U.S.C. § 3582(c)(1)(A), the compassionate release provision, only if the Director of the Bureau of Prisons filed the motion. Now, in relevant part, the statute, as amended by the First Step Act of 2018, provides that "the court . . . upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment…". 18 U.S.C. § 3582(c)(1)(A)(i); First Step Act of 2018, Pub. L. 115-391, § 603(b), 132 Stat. 5194, 5239.

The United States agrees that Barber's motion is properly before the Court (doc. 153, p. 20). Barber provided a copy of the Warden's denial which is dated July 20, 2020 (doc. 148, p. 28). His motion was signed and dated October 7, 2020 and docketed on October 13, 2020. Thus, his motion was filed after the lapse of the 30-day period. Additionally, Barber appears to have exhausted his administrative remedy procedures (doc. 148, p. 17-27).

III. Compassionate release

Once a sentence is imposed, the "authority of a district court to modify an imprisonment sentence is narrowly limited by statute." United States v. Phillips, 597 F.3d 1190, 1194-95 (11th Cir. 2010); United States v. Shaw, 711 Fed. Appx. 552, 554-55 (11th Cir. 2017) (same). Specifically, the "court may not modify a term of imprisonment once it has been imposed except" as set out in 18 U.S.C. § 3582(c). See United States v. Pubien, 805 Fed. Appx. 727, 730, (11th Cir. Feb. 25, 2020) (quoting 18 U.S.C. § 3582(c)). The compassionate release provision of 18 U.S.C. § 3582(c)(1)(A)(i) provides that the Court "may reduce the term of imprisonment (and

may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the [applicable] factors set forth in 18 U.S.C. § 3553(a)", if the Court finds that "extraordinary and compelling reasons warrant such a reduction" and the reduction is "consistent with applicable policy statements issued by the [United States] Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

The applicable Policy Statement, U.S.S.G. § 1B1.13, has not been amended since the enactment of the First Step Act. Therefore, the Sentencing Commission has not set out the policy to apply when inmates file the motion. Instead, the Policy Statement sets out the policy to apply "[u]pon motion of the Director of the Bureau of Prisons". Id.

However, the Court of Appeals for the Eleventh Circuit recently stated that

> We've not yet held in a published opinion whether § 1B1.13, which on its face applies only to motions for compassionate release filed by the BOP and has not been amended following the First Step Act, constrains district courts in considering compassionate release motions filed by prisoners themselves. However, we've held that the district court's consideration of the policy statements in § 1B1.13 was not an abuse of discretion.

United States v. Granda, - - - Fed. Appx. - - -, 2021 WL 1246252, at *1 (11th Cir. Apr. 5, 2021) (citing United States v. Harris, 989 F. 3d 908, 2021 WL 745262, *3 & n.2 (11th Cir. Mar. 2, 2021).

The Eleventh Circuit further states that

> Section 3582(c)(1)(A) still requires any reduction to be consistent with the sentencing commission's applicable policy statements. The policy statements applicable to § 3582(c)(1)(A) are found in U.S.S.G. § 1B1.13, and provide that the court may reduce a term of imprisonment "if, after considering the factors set forth in 18 U.S.C. § 3553(a), to the extent that they are applicable," it finds, in relevant part, that extraordinary and compelling reasons warrant the reduction. The court must determine that the defendant is not a danger to the safety of any

> other person or to the community, as provided in 18 U.S.C. § 3142(g), <u>before</u> it can determine whether extraordinary and compelling reasons exist. U.S.S.G. § 1B1.13; id., comment. (n.1). In determining whether an individual is a danger to others, the court can consider: (1) the offenses' nature and circumstances; (2) the weight of the evidence against the person; (3) the person's history and characteristics; (4) the nature and seriousness of the danger to any person of the community that would be posed by the person's release. 18 U.S.C. § 3142(g).

<u>United States v. Granda</u>, 2021 WL 1246252, at *1 (underlining in original) (footnote omitted).

Barber moves for compassionate release based on several theories most of which are not cognizable under 18 U.S.C. § 3582(c)(1)(A)(i) and the Policy Statement.[1] However, two of his theories merit discussion.

Barber seeks compassionate release to care for his two minor children. According to the Policy Statement, extraordinary and compelling reasons may exist upon the "death or incapacitation of the caregiver of the defendant's minor child or minor children". U.S.S.G. § 1B1.13, Application Note(1)(C)(i). In that regard, Barber states that the primary caregiver, his common-law sister-in-law, has a disease and a broken hip and "it is hard for her to take care of" his children (doc. 148, p. 5, 14). He also states that their mother is living in Florida (Id., p. 14). In support of the motion, the caregiver states that she had a knee injury and broke her hip in 2019, and also has high blood pressure and Bell's Palsy (doc. 149). She states that because of the accident and Covid 19, she is unable to work and needs Barber's "assistance in the support of his children, financially, physically and mentally" (Id.).

Arguably, the caregiver has some level of incapacitation. However, the presentence report indicates that in 2018, the two minor children were living with their mother in Alabama.

---

[1] Barber argues that he did not receive credit for time spent in custody from September 6, 2017 through April 23, 2018, his sentence "was too long for his crime" and "clearly a case of injustice" and that his trial and appellate counsel were ineffective for failing to challenge the predicate offenses (Id., p. 5, 8-9).

4

Barber states that their mother is now living in Florida, but he does not explain why she is not capable of taking care of the minor children.  Also, Barber does not offer any evidence that no other person is available to take care of the children. See United States v. Burch, 2021 WL 1530726, at *3 (M.D. Fla. Apr. 19, 2021) (finding that Burch did not establish an extraordinary and compelling reason where he offered no evidence that the primary caregiver had stopped taking care of his children or that he was the only other caregiver available).

Barber also argues that extraordinary and compelling reasons exist for immediate release because he contracted Covid 19 in January 2021 (doc. 150).[2]  The Policy Statement indicates that an extraordinary and compelling reason may exist if the defendant "is suffering from a serious physical or medical condition … that substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." U.S.S.G. § 1B1.13, Application Note(1)(A)(ii)(I).

However, in his reply to the United States' response, postmarked March 18, 2021, Barber makes no mention of Covid 19 or any long-term effects of the disease. Nor does Barber argue that his ability to care for himself in prison has been diminished because he has had Covid 19 (doc. 155).  See United States v. Walker, 2020 WL 5258287, at *  (N.D. Ala. Sept. 3, 2020) (finding that Walker did not establish an extraordinary and compelling reason where he "provided no evidence that he has suffered from severe illness due to the comorbidity of his

---

[2] In his motion, Barber argued that one inmate and two staff members had tested positive for Covid 19 at FCI McDowell and that he should be released because of the danger of contracting the virus (doc. 148, p. 9-10). In his supplement Barber states that he contracted Covid 19 in January 2021 (doc 150).

medical conditions and COVID-19, or that he has suffered from any long-term effects of COVID-19").[3]

Overall, Barber has failed to show an extraordinary and compelling reason for early release from prison. Therefore, his motion is denied.[4]

IV. Relief pursuant to the CARES Act

Barber also moves for release to serve the remainder of his sentence on home confinement[5] pursuant to the Coronavirus Aid, Relief, and Economic Security Act (CARES Act), Pub. L. No. 116-136, § 12003(b)(2), 134 Stat. 281, 516. Under the CARES Act, effective March 27, 2020, the Director of the Bureau of Prisons was permitted to lengthen the maximum amount of time a prisoner may be placed in home confinement, in certain circumstances and during a specified period of time after the declaration of national emergency due to Covid 19, if the Attorney General found that emergency conditions would materially affect the functioning of

---

[3] The United States asserts that the Bureau of Prisons' medical records confirm the diagnosis and also show that Barber denied any signs or symptoms of the disease and recovered without developing symptoms (doc. 153, p. 20-21). The United States cites to "Sealed Exhibit at 1" and "Sealed Exhibit at 60". (Id.) However, there does not appear to be a sealed exhibit in the docket.

[4] Barber states that his sentence was enhanced because of prior felony drug convictions. He argues that if he were sentenced today, his sentence would not be enhanced. As grounds, he asserts that the First Step Act amended the Controlled Substances Act and changed the definition of the predicate offense. He argues that his prior convictions under Ala. Code § 13A-12-211 no longer qualify as predicate offenses (doc. 148, p. 5-8). Under 18 U.S.C. § 3553(a)(6), the Court may consider the need to avoid unwarranted sentence disparities. When applying the relevant factors in 18 U.S.C. § 3553(a), some courts have considered the disparity between the sentence imposed and sentence that would have been imposed if the defendant had been sentenced after the First Step. However, since Barber failed to show an extraordinary and compelling reason for compassionate release, the 18 U.S.C. § 3553(a) factors need not be addressed.

[5] "Home Confinement Authority. During the covered emergency period, if the Attorney General finds that emergency conditions will materially affect the functioning of the Bureau, the Director of the Bureau may lengthen the maximum amount of time for which the Director is authorized to place a prisoner in home confinement under the first sentence of section 3624(c)(2) of title 18,

the BOP.  On April 3, 2020, Attorney General William Barr made this finding and gave the Director authority to exercise this discretion. Memorandum from Attorney General William Barr to Director of Bureau of Prisons, Increasing Use of Home Confinement at Institutions Most Affected by COVID-19 (April 3, 2020), https://www.justice.gov/file/1266661/download

However, the CARES Act did not give the Court authority to grant motions to serve the remainder of a sentence on home confinement, or to direct or order the BOP to place a prisoner in home confinement.  Instead, pursuant to 18 U.S.C. § 3621(b), the BOP "shall designate the place of the prisoner's confinement".  Since the Court cannot grant the relief he seeks, Barber's motion pursuant to the CARES Act is denied.

DONE and ORDERED this 10th day of May 2021.

    s / Kristi K. DuBose
KRISTI K. DuBOSE
CHIEF UNITED STATES DISTRICT JUDGE

---

United States Code, as the Director determines appropriate." CARES Act, P.L. 116-136, § 12003(b)(2) (2020).