IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| vs. ) | |
| ) | Criminal Action No. 17-000189-KD-B |
| GERALD BARBER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

This action is before the Court on the "Motion requesting a Sentence Reduction and or Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A); and or a judicial recommendation to the Attorney General to place Petition on home-confinement pursuant to 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g)" filed by Defendant Gerald Barber (doc. 163). Upon consideration, and for the reasons set forth herein, the motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is denied and the request for a judicial recommendation is denied.

I. Background

In November 2017, Barber was indicted in a superseding indictment charging possession with intent to manufacture and distribute crack cocaine (Count One) and possession with intent to distribute crack cocaine (Count Two). The United States filed an information showing that Barber had five prior felony drug convictions (doc. 12). Barber was tried and convicted of both offenses. On April 23, 2018, he was sentenced to the statutory minimum sentence of 120 months as to each conviction, to serve concurrently. Barber's conviction was affirmed on appeal (docs. 113, 114). Barber filed several post-judgment motions including a motion to vacate pursuant to 28 U.S.C. § 2255, and two motions for relief pursuant to the First Step Act. His motions were either dismissed or denied.

At present, Barber is 45 years old and incarcerated at FCI Memphis in Tennessee. His anticipated release date is October 27, 2026. As of June 5, 2023, no inmate or staff member was

positive for Covid 19 at FCI Memphis. https://www.bop.gov/coronavirus/covid19_statistics.html FCI Memphis is operating at Level One, the least restrictive operational level for Covid 19. https://www.bop.gov/locations/institutions/mem/

II. Analysis

A. Motion pursuant to 18 U.S.C. § 3582(c)(1)(A).

Generally, a district court has no inherent authority to modify a defendant's sentence and may do so "only when authorized by a statute or rule." United States v. Puentes, 803 F.3d 597, 605–606 (11th Cir. 2015). Barber moves pursuant to 18 U.S.C. § 3582(c)(1)(A)(i). This statute, as amended by the First Step Act, provides that upon motion of the defendant or the Director of the Bureau of Prisons, the Court may reduce a sentence if there are extraordinary and compelling reasons which warrant a reduction, certain procedural requirements are met, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction in sentence, and "that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A).

As to the procedural requirements, defendants may file a motion for reduction of sentence after they have "exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days" from the warden's receipt of the request, "whichever is earlier." 18 U.S.C. § 3582(c)(1)(A). Barber did not provide any evidence of compliance with either of these statutory procedural requirements. However, in lieu of dismissal without prejudice for failure to meet this procedural requirement, the Court will address his motion. See United States v. Harris, 989 F.3d 908, 910-11 (11th Cir. 2021) (finding that the procedural requirement of 18 U.S.C. § 3582(c)(1)(A) is not jurisdictional but instead is a claim-processing rule).

As an initial consideration, Barber argues that the Policy Statement, U.S.S.G. § 1B1.13, "is now outdated following the passage of the First Step Act, which allows individuals to petition the district court directly without clearance from the BOP" and therefore, the Policy Statement is

"merely advisory and does not bind the Court's application of § 3582(c)(1)(A)" (doc. 163, p. 5). He argues that the Court "may independently evaluate whether [petitioner] has raised an extraordinary and compelling reason for compassionate release" (Id.). Barber is incorrect. The Court of Appeals for the Eleventh Circuit has held that "§ 1B1.13 is an applicable policy statement that governs all motions under Section 3582(a)(1)(A)." United States v. Bryant, 996 F. 3d 1243, 1262 (11th Cir. 2021).  In other words, in this Circuit, Policy Statement § 1B1.13 applies to motions filed by defendants.

The Policy Statement, in relevant part, provides that upon motion under 18 U.S.C. § 3582(c)(1)(A), the Court may reduce a term of imprisonment if it determines that there are extraordinary and compelling reasons which warrant a reduction, the relevant factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction, the defendant is not a danger to the safety of any other person or the community as provided in 18 U.S.C. § 3142(g), and the "reduction is consistent with this policy statement." U.S.S.G. § 1B1.13.  However, the district courts need not analyze the above requirements in any specific order. See United States v. Tinker, 14 F. 4th 1234, 1237-1238 (11th Cir. 2021) (per curiam).  Importantly, should the movant fail to make a showing on any one requirement, that failure "would foreclose a sentence reduction." Id. at 1238.

The Policy Statement lists four circumstances as examples of extraordinary and compelling reasons under § 3582(c)(1)(A).  Specifically, the "medical condition of the defendant" such as a terminal illness. U.S.S.G. § 1B1.13(A)(i). Or the defendant is "suffering from a serious physical or medical condition, … serious functional or cognitive impairment, or experiencing deteriorating physical or mental health because of the aging process, that substantially diminishes the ability of the defendant to provide self-care" in prison "and from which he or she is not expected to recover." Id. at cmt. n.1(A)(ii). Also, the "age of the defendant" where the "defendant (i) is at least 65 years old; (ii) is experiencing a serious deterioration in physical or mental health because of the aging process; and (iii) has served at least 10 years or 75 percent of his or her term of imprisonment, whichever is less." Id. at cmt.

n.1(B).  Additionally, certain "family circumstances" may provide grounds for a reduction of sentence. Id. at cmt. n.1(C).  Specifically, "(i) The death or incapacitation of the caregiver of the defendant's minor child or minor children [or] (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner." Id.

And last, "other reasons … [a]s determined by the Director of the Bureau of Prisons, [when] there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)." Id. at cmt. n.1(D). Although the phrases "other than" or "other reasons" have been broadly interpreted by some courts, the Eleventh Circuit explained that "Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence" which are "beyond" those in the Policy Statement. United States v. Bryant, 996 F.3d at 248; United States v. Beckford, No. 22-10638, 2022 WL 4372553, at *2 (11th Cir. Sept. 22, 2022) (the "district courts may not 'find[ ] extraordinary and compelling reasons within the catch-all provision beyond those specified by the Sentencing Commission in Section 1B1.13.'") (quoting United States v. Giron, 15 F. 4th at 1343, 1347 (11th Cir. 2021)). Thus, the Court is constrained by the determinations of the Director of the BOP. See Bureau of Prisons Program Statement 5050.50, *Compassionate Release/Reduction in Sentence: Procedures for Implementation of 18 U.S.C. §§ 3582 and 4205(g).* Review of Program Statement 5050.50 indicates that the Director of the BOP has determined that certain medical conditions regardless of age, i.e., terminal or debilitating medical conditions; certain medical or mental conditions affecting inmates 65 and older who have served at least 50% of their sentence; and certain family circumstances involving the death or incapacitation of the caregiver of the inmate's minor children, or disabled spouse or registered partner, may, if other conditions are met, constitute grounds for relief.

As his first argument, Barber appears to argue that his trial, sentencing, and appellate counsel provided ineffective assistance in violation of the Sixth Amendment (doc. 163, p. 2-3). Although the allegations of ineffective assistance of counsel appear in the "Factual and Procedural History" section of his motion, the Court will consider the argument as raised in support of his motion.

Second, Barber argues that extraordinary and compelling reasons for a reduction of sentence exist because he contracted Covid 19 three times and has a "potential risk of contracting the disease at his prison facility" (Id., p. 6-7).[1]  Despite being fully vaccinated, Barber believes his risk of contracting Covid 19 is great because the precautions for preventing the spread of Covid 19 in prison cannot be followed (Id., p. 7).

Third, Barber argues that certain family circumstances are extraordinary and compelling reasons for a reduction in sentence. Specifically, he has five children, and is now a grandfather. He also points out that his two youngest children and his uncle, need his assistance. He asserts that his uncle is like a father to him and has been diagnosed with stage four cancer (Id.)

Fourth, Barber argues that an extraordinary and compelling reason exists, because of the "disparity" between the "lengthy sentence" he received and the sentence he would have received if § 401 of the First Step Act of 2018 applied (Id., p. 10).  Barber also argues that if he were "sentenced today he wouldn't get an 851 enhancement" (Id., p. 8-12).[2][3] Section 401, enacted

---

[1] Barber also argues that "the grave risk Covid-19 poses to individuals with underlying health conditions" is an extraordinary and compelling reason to modify his sentence (doc. 163, p. 6). However, Barber did not identify nor provide evidence of any underlying health conditions. And even if he had, "merely being a prisoner with risk factors for COVID-19 is not an extraordinary and compelling medical reason" for compassionate relief. United States v. Ladson, 2022 WL 2678741, at *2 (11th Cir. 2022) (unreported opinion).

[2]  Barber also argues that Section 401 "by its terms applies to sentences imposed prior to the Act's effective date, December 21, 2018" (doc. 163, p. 10).  He is incorrect. The Court of Appeals for the Eleventh Circuit found that the changes to the Controlled Substances Act brought about by § 401 do not apply to sentences imposed before the First Step Act was enacted. United States v. Ware, No. 22-12204, 2023 WL 2879987, at *4 (11th Cir. Apr. 11, 2023) ("Ware also believes that § 401 of the First Step Act applies to him. That section reduced mandatory

5

after Barber was sentenced, amended the definitions in the Controlled Substances Act for certain types of predicate felonies which may enhance the sentence for certain drug-related crimes and "reduced mandatory minimums for repeat offenders of certain drug-related crimes". United States v. Ware, No. 22-12204, 2023 WL 2879987, at *4 (11th Cir. Apr. 11, 2023).

Since Congress specifically stated that a reduction of sentence under 18 U.S.C. § 3582(c)(1)(A) must be consistent with the applicable Policy Statements and the Eleventh Circuit has held that U.S.S.G. § 1B1.13 is an applicable Policy Statement, United States v. Bryant, 996 F. 3d at 1262, this Court is without authority to disregard the Policy Statement's plain language. A reduction of sentence based upon the first and fourth circumstances Barber presents – ineffective assistance of counsel and sentencing disparity - would not be consistent with Policy Statement § 1B1.13. A reduction of sentence based upon the second and third circumstances Barber presents - fear of contracting Covid 19 again[4] and family circumstances[5] - would not be

---

minimums for repeat offenders of certain drug-related crimes and changed the types of predicate felonies that may be used to enhance those sentences. See id. § 401(a)–(b). Ware is wrong about § 401's applicability for several reasons, not the least of which is that § 401 and its amendments do not apply to sentences like Ware's that were imposed before the First Step Act was enacted in 2018. Id. § 401(c).").

[3] Barber also argues that § 403 of the First Step Act applies to him and also creates sentencing disparity (doc. 163, p. 9). He is incorrect. Section 403 amended 18 U.S.C. § 924(c)(1)(C), which applies to offenses involving the use, carry, or possession of a firearm during or in furtherance of a crime of violence or a drug trafficking crime.  In this action, Barber was not convicted of a firearms offense.  And as with § 401, § 403 does not apply to a sentence imposed before the First Step Act was enacted. United States v. Pearson, No. 22-12447, 2023 WL 2565096, at *2 (11th Cir. Mar. 20, 2023) (However, § 403 does not apply retroactively. See id. § 403(b)).

[4] Fear or anxiety about contracting Covid 19 are not extraordinary and compelling reasons for a reduction of sentence without a showing that this condition has diminished substantially the ability to provide self-care in prison. Policy Statement U.S.S.G.  1B1.13, cmt n. (1)(A)(ii); United States v. Butler, No. 22-12210, 2023 WL 2857240, at *2 (11th Cir. Apr. 10, 2023) ("Never has Butler asserted -- and nothing evidences -- that his anxiety or any other medical condition has diminished substantially his ability to provide self-care while in prison.") (footnote omitted); United States v. Lemy, No. 20-CR-80062-RAR, 2023 WL 246895, at *3 (S.D. Fla. Jan. 18, 2023) ("And Defendant is not entitled to a modification of his sentence based solely on

consistent with Application Notes 1(A)(ii) and 1(C), nor would they be consistent with Application Note 1(D).

The Eleventh Circuit has explained that if a defendant's circumstances do not meet any of the reasons in Application Notes 1(A) through (D) in the Policy Statement, then he or she is ineligible for consideration of a reduction. United States v. Bryant, 996 F.3d at 1254. Thus, the Court need not consider whether the factors in 18 U.S.C. § 3553(a) weigh in favor of a reduction or whether Barber's release would not pose a danger to other persons, or the community, as provided in 18 U.S.C. § 3142(g). United States v. Tinker, 14 F. 4th at 1238 (failure to make a showing on any one requirement, "would foreclose a sentence reduction.").

B. Request for recommendation to the Attorney General to place Barber on home-confinement.

Barber argues that the factors which weigh in favor of a reduction of sentence or compassionate release also weigh in favor of a "judicial recommendation to the Attorney General to place [Barber] on home confinement" (Id., p. 12). For the reasons he is not entitled to relief under 18 U.S.C. § 3582(c)(1)(A)(i), his request for a recommendation is denied.

III. Conclusion

Accordingly, for the reasons set forth herein, Barber's motion and request are denied.

**DONE** and **ORDERED** this 9th day of June 2023.

> s / Kristi K. DuBose
> KRISTI K. DuBOSE
> UNITED STATES DISTRICT JUDGE

---

generalized COVID-19 fears and speculation regarding 'breakthrough infections of COVID-19 among people who are vaccinated'.").

[5] Barber states that his two youngest children live with their aunt. He does not allege that his aunt is incapacitated or otherwise unable to care for the children or that there is no other person available to serve as their caregiver. See United States v. Baez-Paulino, No. 8:19-cr-543-CEH-SPF, 2021 WL 5121862, at *4 (M.D. Fla. Nov. 4, 2021) ("[T]he motion is due to be denied, as ... one of the Defendant's relatives may be available caregivers for Defendant's minor son.").