IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| vs. | ) Criminal Action No. 2:17-00189-KD-B |
| | ) |
| GERALD BARBER, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This action is before the Court on Defendant Gerald Barber's "Motion for Reconsideration" of the denial of his motion for compassionate release or home confinement (docs. 164, 165). Upon consideration, and for the reasons set forth herein, Barber's motion is **DENIED**.

**I.   Background**

In November 2017, Barber was indicted in a superseding indictment charging possession with intent to manufacture and distribute crack cocaine (Count One) and possession with intent to distribute crack cocaine (Count Two). The United States filed an information showing that Barber had five prior felony drug convictions between 2005 and 2014 (doc. 12). Barber was tried and convicted of both counts.  On April 23, 2018, he was sentenced to 120 months, the statutory minimum, as to each count, to serve concurrently. He is presently incarcerated at FCI Memphis in Memphis, Tennessee.  His release date is October 27, 2026.  Barber is now 45 years old.

Relevant to the pending motion, Barber previously filed a "Motion requesting a Sentence Reduction and or Compassionate Release pursuant to 18 U.S.C. § 3582(c)(1)(A); and or a judicial recommendation to the Attorney General to place Petitioner on home-confinement pursuant to 18 U.S.C. § 3624(c)(2); 34 U.S.C. § 60541(g)" (doc. 163, motion; doc. 164, order). The Court denied his motion for compassionate release or reduction of sentence upon finding that Barber failed to show extraordinary and compelling reasons which would warrant a reduction.  For the same

reasons, the Court denied Barber's request for a recommendation to the Attorney General for placement on home confinement.

**II.     Analysis**

Barber moves the Court to reconsider the denial of his motion (doc. 163, motion; doc. 164, order).  The Court of Appeals for the Eleventh Circuit has held that a motion pursuant to 18 U.S.C. § 3582(c)(1)(A) is a continuation of the criminal proceedings. United States v. Craig, 786 Fed. Appx. 237, 238 (11th Cir. 2019) (citing United States v. Fair, 326 F. 3d 1317, 1318 (11th Cir. 2003)). The Eleventh Circuit has also held that "[a]lthough the Federal Rules of Criminal Procedure do not specifically authorize motions for reconsideration, both the Supreme Court and [the Eleventh Circuit] have permitted parties to file such motions in criminal cases." Serrano v. United States, 411 Fed. Appx. 253, 255 (11th Cir. 2011).

"In deciding motions for reconsideration in criminal cases, courts use the standards applicable to such motions filed in civil cases under Federal Rule of Civil Procedure 59." United States v. Smith, No. CR115-063, 2020 WL 4368270, at *1 (S.D. Ga. July 30, 2020); United States v. Gossett, 671 Fed. Appx. 748, 749 (11th Cir 2016) (finding that Gossett's "motion to reconsider did not raise any arguments that were unavailable at the time of his motion for a reduced sentence" and explaining that "[w]e have not addressed in a published opinion under what circumstances a district court should grant a motion to reconsider in a criminal case. In civil cases, a motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment, including new arguments that could have been raised but were not. The grounds for granting a Rule 59 motion are intervening changes in controlling law, newly discovered evidence, or manifest errors of law or fact.").

Barber does not argue that intervening changes in controlling law merit reconsideration, or that he has newly discovered evidence, or that a manifest error of fact was committed.  At best, he

2

appears to argue that the Court erroneously decided that the disparity between the sentence he received and the sentence he would have received if Section 401 of the First Step Act of 2018 had applied retroactively, was not an extraordinary and compelling reason for a reduction of sentence.

Barber again argues that none of his five prior felony drug convictions are "serious drug felonies" as defined after the First Step Act of 2018 became effective. He now acknowledges that Congress did not make Section 401(c) retroactive and argues that "compassionate release has become one of the only remedies available for defendant sentenced before the First Step Act to seek justice for disparate sentencing." (doc. 165, p. 4). However, as previously explained (doc. 164, p. 6-7), a reduction of sentence based upon an alleged sentencing disparity would not be consistent with the applicable Policy Statement, U.S.S.G. § 1B1.13, as required by Congress. See 18 U.S.C. § 3582(c)(1)(A). Accordingly, Barber's motion to reconsider is due to be denied.

**DONE** and **ORDERED** this 11th day of July 2023.

                                                              s / Kristi K. DuBose
                                                              **KRISTI K. DuBOSE**
                                                              **UNITED STATES DISTRICT JUDGE**